UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUDY YEE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON DIGITAL MEDIA SERVICES, INC., a California Corporation, et al.,<br><br>Defendants. | Case No. C19-203RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff Judy Yee's Motion for Leave to Amend Complaint and Join Additional Defendants. Dkt. #34. Ms. Yee alleges she was the victim of a fraudulently opened New York Verizon home internet account that went to collections for $1,507 resulting in improper credit reporting. *See* Dkt. #34-2. Her original Complaint named Verizon Digital Media Services, Inc., Verizon Wireless Services, LLC, and three credit reporting companies as Defendants. Dkt. #1-2. Subsequent discovery has revealed that Verizon New York Inc. should be added as a Defendant. On this the parties agree. The dispute before the Court is whether Ms. Yee can add Verizon Corporate Resources Group, LLC, a "Verizon entity that performs credit reporting functions for other Verizon entities," and the parent company Verizon Communications, Inc. as Defendants. Plaintiff maintains she "still

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT - 1

has claims against Verizon Wireless Services, LLC under the Washington State Consumer Protection Act arising out of the fraud investigation…" *Id*. at 2. Plaintiff admits that Verizon Digital Media Services, Inc. is properly dismissed from this action, as well as the credit reporting company Trans Union, LLC. *Id*.

Defendants Verizon Wireless Services, LLC and Verizon Digital Media Services oppose the addition of defendants Verizon Communications, Inc. and Verizon Corporate Resources Group, LLC, as well as the retention of Verizon Wireless Services as a party. Dkt. #37.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court has reviewed Plaintiff's Motion, Defendants' Response, the associated materials, and Plaintiff's Reply brief. To reiterate, Defendants do not oppose the majority of the amendments, but oppose the addition of Verizon Communications, Inc. and Verizon

Corporate Resources Group, LLC, and the continued presence of Verizon Wireless Services, LLC. Dkt. #37. Plaintiff has provided almost no explanation for the addition of these new defendants. *See, e.g.,* Dkt. #38 at 2. The Court agrees with Defendants that Plaintiff has failed to show any basis to add Verizon Communications or Verizon Corporate Resources Group as parties, that such amendment would be futile, and that it would unduly prejudice those parties and the existing Defendants. Simply because Verizon Communications is a parent company does not mean it is liable in this case, for the reasons articulated by Defendants in their briefing. Ms. Yee fails to set forth an adequate basis for adding Verizon Corporate Resources Group, referring the Court to exhibits that fail on their own to adequately allege liability.

Plaintiff has shown a basis for keeping Verizon Wireless as a Defendant in the new complaint—she alleges that this corporate entity set forth an identity theft "fraud tool," but then "unfairly and deceptively failed or refused to refer Plaintiff to a different Verizon entity fraud department…" Dkt. #34-2. Defendants have failed to demonstrate that these amendments are in bad faith or unduly prejudice Defendants.

Plaintiff's Motion otherwise satisfies factors one, two, and five, above. Accordingly, the Court finds that the requested amendment is warranted in part. Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Plaintiff Judy Yee's Motion for Leave to Amend Complaint and Join Additional Defendants, Dkt. #34, is GRANTED IN PART.

(2) Plaintiff shall remove any reference to the new defendants Verizon Corporate Resources Group and Verizon Communications from her Proposed Amended

Complaint, Dkt. #34-2, and then file and serve it on Defendants **within fourteen (14) days of this Order.**

DATED this 23 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE